UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


FLOYD BROWN (#431598)

VERSUS                                            CIVIL ACTION

SGT. GEORGE POWELL, ET AL                         NUMBER 08-638-RET-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 9, 2009.

                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FLOYD BROWN (#431598)

VERSUS                                             CIVIL ACTION

SGT. GEORGE POWELL, ET AL                          NUMBER 08-638-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 10. The motion is not opposed.

Pro se plaintiff, an inmate at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. George Powell, Master Sgt. Johnny Boss and Sgt. Lillian Harris. Plaintiff alleged that he was beaten without provocation in violation of his constitutional rights.

Defendants moved for summary judgment relying on their declarations under oath.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that on March 25, 2008, he was restrained and escorted to administrative segregation after being issued a disciplinary report for a violation of Rule 21, sex offense.

Plaintiff alleged that he was placed in the cell block lobby while awaiting his cell assignment. Plaintiff alleged that Sgt. Powell shouted at him and then, without provocation, punched him with a closed fist on the right side of his head. Plaintiff alleged that he was knocked down, and while kneeling on the floor Sgt. Powell and Sgt. Boss kneed him in the chest. Plaintiff alleged that Sgt. Boss then punched him on the top of his head with a closed fist while Sgt. Powell punched him in the stomach. Plaintiff alleged that Sgt. Harris watched the assault from the control room but did nothing to stop the unprovoked beating by the other defendants. Plaintiff alleged that he suffered severe headaches and chronic neck and back pain as a result of the unprovoked attack.[1]

Defendants Powell and Boss stated in their declarations that "at no time did he ... punch, hit, strike, or otherwise physically abuse" the plaintiff on March 25, 2008. Defendant Harris stated that "at no time did George Powell or Johnny Boss punch, hit, strike, or otherwise physically abuse" the plaintiff on March 25, 2008.

Force is excessive and violative of the Eighth Amendment only

---

[1] Plaintiff attached a copy of his request for administrative remedy to his amended complaint. Record document number 8. Plaintiff complained that he was taken to the hospital following the incident and was advised by medical personnel that his right ear drum was injured. Plaintiff did not attach to his complaint a copy of the first step response to the administrative grievance or any medical records related to medical treatment received following the alleged incident.

if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

There is no summary judgment evidence in the record that the defendants used any force against the plaintiff on March 25, 2008, or that the plaintiff was injured as a result of the alleged use of force.

Plaintiff has neither opposed the evidence offered by the defendants nor submitted anything to show that there is a genuine issue for trial. A party may not rest upon mere allegations or

3

denials of his pleadings to oppose a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed.

Baton Rouge, Louisiana, February 9, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE